Michael J. KELLY, aka Michael J. Westcott, aka Westcott, aka Robert Hartman, Petitioner–Appellant,

v.

William DUNCAN, Warden; California State Attorney General, Respondents–Appellees.

No. 00–56543.
D.C. No. CV–99–06079–WDK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 1, 2001.

---

Before RYMER and RAWLINSON,
Circuit Judges, and RESTANI,* Judge.

## MEMORANDUM **

■ Appellant–Petitioner Michael J. Kelly ("Kelly") appeals the denial of his petition for habeas corpus. While Kelly admits that his petition is untimely under the one-year statute of limitation in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), he seeks to use the miscarriage of justice gateway to assert his claim of ineffective assistance of counsel. Assuming, without deciding, that the miscarriage of justice gateway can be extend-

ed to non-capital sentencing procedures, and used to excuse AEDPA's one-year statute of limitation, Kelly must (1) identify some constitutional error, and (2) demonstrate by clear and convincing evidence that but for the constitutional error he would not have been eligible for the sentence he received. *See Clark v. Lewis,* 1 F.3d 814, 821 (9th Cir.1993).

■ Although Kelly asserts an ineffective assistance of counsel claim, he failed to demonstrate that he would not have received a twenty-two year sentence, but for his counsel's ineffectiveness. In fact, Kelly concedes that even if his petition were granted, he could still be subject to the same sentence. He does not challenge the validity of the other two serious felony convictions to which he admitted, nor the remaining four prior serious felony convictions alleged in the amended complaint. Because Kelly has not shown that he is actually innocent of any of the other prior serious felony convictions foregone by the government in the course of plea bargaining, he cannot make a claim of actual innocence sufficient to pass through the miscarriage of justice gateway. *See Bousley v. United States,* 523 U.S. 614, 624, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

■ Moreover, even if this Court were to allow Kelly to pass through the miscarriage of justice gateway, Kelly's ineffective assistance of counsel claim fails on the merits. He has not shown "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see also Unit-*

---

* The Honorable Jane Restani, Judge for Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

*ed States v. Roberts,* 5 F.3d 365, 370 (9th Cir.1993).

**AFFIRMED.**